# IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC SERIES 1936
VIA FIRENZE,
Appellant,
vs.
PENNYMAC HOLDINGS, LLC,
Respondent.

No. 81954

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.[1]

In *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A. (Perla)*, 136 Nev. 62, 63, 458 P.3d 348, 349 (2020), we held that a formal superpriority tender is excused "when evidence shows that the party entitled to payment had a known policy of rejecting such payments." Here, the district court granted summary judgment for respondent based on certain statements in a letter from the HOA's agent (Leach Johnson) to Miles Bauer. The letter set forth Leach Johnson's position that the superpriority portion of the HOA's lien did not come into existence until after the first deed of trust was foreclosed and that the superpriority portion consisted of fees and costs in addition to 9 months of assessments. This evidence was substantively identical to that in *Bank of America, N.A. v.*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

*Thomas Jessup, LLC Series VII*, Docket No. 73785 (*Thomas Jessup*) (Order Affirming in Part, Reversing in Part and Remanding, May 7, 2020), wherein we concluded that the evidence was insufficient to satisfy *Perla*'s "known policy of rejection" standard.[2]

Moreover, the letter expressly stated that "[i]f your client wants to make a partial payment to the Association, then the Association will apply it to the owner's past due balance." Accordingly, respondent did not produce evidence showing that Leach Johnson had a "known policy of rejection" such that formal tender was excused.[3] Summary judgment was therefore improper. Similar to appellant's previous appeal, we decline to consider respondent's alternative arguments in support of affirmance that

---

[2]If anything, the evidence in this case is even less probative of Leach Johnson's purported "known policy of rejection" standard than that at issue in *Thomas Jessup*. That said, since our ultimate disposition of *Thomas Jessup*, we have recognized that the response letter at issue in that case is not necessarily insufficient to satisfy *Perla*'s "known policy of rejection" standard depending on what other evidence and testimony is presented in a particular case. *See 928 Country Back Tr. v. Bank of Am., N.A.*, Docket No. 79543 (Order Vacating Judgment and Remanding, April 9, 2021); *Trashed Home Corp. v. Bank of Am., N.A.*, Docket No. 78923 (Order Vacating Judgment and Remanding, April 9, 2021). In this respect, we note that appellant has not asked for summary judgment to be entered in its favor on remand.

[3]Respondent contends that this case is similar to *U.S. Bank National Ass'n v. SFR Investments Pool 1, LLC*, Docket No. 78003, wherein we considered statements similar to those in Leach Johnson's response letter and concluded that the "necessary implication" behind those statements was that a formal tender would have been rejected. *See* Order of Reversal and Remand, at *2 (June 4, 2020). However, respondent ignores that we qualified that conclusion. *See id.* at *2 n.2 ("Appellant contends that this is the necessary implication of these statements, and *respondent does not dispute that contention*." (emphasis added)).

SUPREME COURT
OF
NEVADA

(O) 1947A

the district court did not address. *See LN Mgmt. LLC Series 1936 Via Firenze v. PennyMac Holdings, LLC*, Docket No. 76083, Order of Reversal and Remand, at *1-2 (April 16, 2020) (citing *9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 82, 459 P.3d 227, 232 (2020), for the proposition that this court may decline to address an issue that the district court did not resolve). Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                             Gibbons

cc:  Hon. Ronald J. Israel, District Judge
     Janet Trost, Settlement Judge
     Kerry P. Faughnan
     Akerman LLP/Las Vegas
     Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.